UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>AARON KYLE RUTHEY,<br>　　　　　　Defendant. | Case No. 22-CR-40023-SLD |

## DEFENDANT'S SENTENCING MEMORANDUM

　　Aaron himself seemingly struggles to understand exactly *how* it happened. But he does know it began with the pandemic.  In March, 2020, Aaron was living a fairly ordinary and (then) law-abiding life.  He was working as a salesman selling electric utility plans door-to-door.  When Covid hit, he was immediately out of work.  Because the job was largely commission-based (and he was considered an "independent contractor") he had virtually no unemployment benefits.

　　The downward spiral continued with the loss of the house he'd been renting. Almost before he knew what was happening, Aaron found himself living in a dirty motel near the airport.  Depressed—he relapsed hard into regular methamphetamine use.  It was around this time he fell down a very dark online

rabbit-hole of what he says he initially thought of as "kinky porn". It was here that he encountered other individuals who offered him opportunities to begin trading in child pornography. Aaron believes his choice to accept that offer was the worst mistake of his life.

**Guidelines Calculations:**

As noted in the addendum to the PSR (see also sec. 128), Aaron Ruthey disagrees with the government that an upward departure should be considered due to the number of images possessed. Mr. Ruthey is already receiving the maximum five-level enhancement based upon number of images at 2G2.2(b)(7). If the Commission intended for that scale to continue upward, there is no reason it couldn't. The footnote referenced by the government appears intended for situations where a single video or two result in an unexpectedly *low* image count.

Aaron Ruthey would also point out that several other arguably arbitrary enhancements are combining to drive his range distressingly high. The two levels for "use of a computer" at 2G2.2(b)(6) are practically meaningless in 2023 (see sec. 127). Four-levels were added for possessing imagery of the type defined at 2G2.2(b)(4) as well as two-levels for the type defined at 2G2.2(b)(2). While tandem application of these enhancements has been authorized by case law precedent, it is scarcely possible to possess the former type of imagery and *not* the latter, such that

the severity of any given case obviously merits such double-counting.

As shown in the JSIN attachment to the PSR, of the 42 defendants nationwide who fell into Aaron Ruthey's guideline cell over the past five years, **half** of them received a sentence of **180 months or less**. Such a sentence would be greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) in Aaron Ruthey's case.

Respectfully submitted: October 7, 2023.

AARON K. RUTHEY, Defendant

THOMAS PATTON, Federal Public Defender

/s/ *Terry Frederick*
Terry W. Frederick
WI Bar No. 1050352
Assistant Federal Public Defender
Central District of Illinois
1515 4th Avenue, Suite 201
Rock Island, IL   61201
Telephone: (309) 948-7190
E-mail: terry_frederick@fd.org

## CERTIFICATE OF SERVICE

    I certify that on the above date, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of filing to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                      */s/ Terry Frederick*